# ROBERT H. CLOUSTON *vs.* JOSEPH SHEARER.

A person in possession of land, and taking the rents and profits, may, notwithstanding the Gen. Sts. c. 134, §§ 49, 50, maintain a bill in equity to quiet his title, against one who, as to him, is dispossessed and disseised, but asserts an adverse title under a mortgage the validity of which is denied by the plaintiff.

BILL IN EQUITY to quiet the plaintiff's title to land in Roxbury. The defendant demurred to the jurisdiction, and argued that the plaintiff's remedy was plain, adequate and complete, under the Gen. Sts. c. 134, §§ 49, 50. The case was reserved

by the chief justice, on the bill and the demurrer, for the deter-mination of the full court, and is stated in the opinion.

*G. W. Park*, for the defendant.

*J. P. Converse*, for the plaintiff.

CHAPMAN, C. J.    As the case comes before us on demurrer to the plaintiff's bill, the allegations of the bill must be taken to be true.    The object of the bill is, to remove a cloud from the plaintiff's title to certain real estate.    He derives his title from Charles Redding, who conveyed to Peter Goodnow, by deed of warranty, August 13, 1861, subject to a mortgage to Eliza D. Bryant, dated April 1, 1861.    Peter Goodnow conveyed to the plaintiff June 16, 1863.    On the 1st of July 1861, the right of Charles Redding was attached on mesne process by Bradford S. Farrington, deputy sheriff.    Execution was issued in the suit January 27, 1862.    Farrington sold the right to redeem Bry-ant's mortgage to George Curtis, July 24, 1862; and Curtis con-veyed his interest to Peter Goodnow November 13, 1862. These conveyances apparently make a good title in the plaintiff.

The cloud consists in this:  On the 27th of July 1861, which was a short time before the conveyance of Charles Redding to Peter Goodnow, Redding executed a mortgage of a part of the land to John Downey, to secure the sum of $500.  On the 30th of February 1863, Downey assigned this mortgage to Mary Ann H. Redding, the wife of Charles.  On the 18th of Novem-ber 1863, she undertook to sell the mortgaged property to Wel-lington Welch by virtue of a power of sale contained in the mortgage.  But the execution of the power being defective, as was supposed, she again sold it to George W. Park, October 5, 1865; and Park conveyed it to the defendant, November 1, 1865.

The bill alleges that Goodnow entered and took possession, and he and the plaintiff have ever since held possession; that they were ignorant of the mortgage to Downey; that the mort-gage was without consideration and fraudulent, and nothing is due upon it; and that the defendant has demanded of the plain tiff's tenants that they pay rent to him, he claiming title under the mortgage adversely to the plaintiff.

The mortgage gives the defendant an apparent title which is older than that derived by the plaintiff from Charles Redding's deed to Goodnow; and the defendant uses it to contest that title and also the title derived from the sale of the equity on execution. Therefore it is a cloud upon the plaintiff's title, which exposes him to litigation, and may continue to expose him to litigation after the evidence to contest it shall have been lost. It may also affect the market value of the land, and might prevent him from enforcing specifically a contract for the sale of it.

The power of a court of equity to remove a cloud which rests upon the title to real estate, in a proper case, is well established. Story Eq. (8th ed.) §§ 439, 694, 700, 705, and authorities cited. *Pettit* v. *Shepherd,* 5 Paige, 501. *Carroll* v. *Safford,* 3 How. 463.

This court has exercised such power. In *Pierce* v. *Lamson,* 5 Allen, 60, a bill was maintained for the surrender of a mortgage which had been obtained by fraud and was a cloud on the title. In *Martin* v. *Graves,* 5 Allen, 601, a bill was maintained for the cancellation of a fraudulent deed, and the principle was stated by Merrick, J., as follows : " Whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceedings at law, a court of equity will afford relief by directing the instrument to be delivered up and cancelled, or by making any other decree which justice and the rights of the parties may require." This is a broad and comprehensive statement of the principle on which such relief is given. When the plaintiff can obtain a plain, adequate and complete remedy by an action at law in any form, a bill in equity will not lie ; and there are several cases where bills have been dismissed on the ground that such remedy existed. *Pratt* v. *Pond,* 5 Allen, 59. *Clark* v. *Jones,* Ib 379. *Mill River Loan Fund Association* v. *Claflin,* 9 Allen, 101. *Commonwealth* v. *Smith,* 10 Allen, 448. We are then led to the inquiry whether the plaintiff in this case has, upon the allegations of his bill, a remedy at law.

The plaintiff alleges that he and his grantors have been in possession of the land, taking the profits; that he is now in possession, and the defendant has never had possession. The defendant demanded rent, but the plaintiff's tenants have not yielded to his demand, and they remain in possession under the plaintiff, and the defendant is held out and disseised. Thus it does not appear that the acts of the defendant are sufficient to constitute a disseisin of the plaintiff, even by election, unless the defendant should elect, in a writ of entry, to plead *nul disseisin*, which would be an admission of his seisin. But he would not be obliged to plead thus. He might plead, either in abatement or in bar, that the demandant himself was seised on the day of the purchase of the writ, and thus defeat the action. Or if, while the suit was pending, the plaintiff should do any acts inconsistent with the pursuit of his remedy, such acts might be pleaded in abatement. Thus, if he were to enter and collect rents, or take the profits in any way, the defendant, as tenant in the action, might plead that he had entered and disseised him pending the suit. Entry into a parcel of the demanded premises would abate the whole writ. Roscoe on Real Actions, 203, 204. Com. Dig. Abatement, F, 16; H, 48. Jackson on Real Actions, 102, 165, 166. Therefore a writ of entry in favor of a party in possession of land and taking the rents and profits, against one who is as to him dispossessed and disseised, cannot be regarded as a complete remedy for quieting the adverse title. Even if his adversary does an act which may amount to a disseisin by election, he must abandon his possession during the pendency of the suit, though the premises be his homestead, or his action may be defeated by a plea in abatement.

It is only when he is not taking the profits that the remedy at law is adequate, and this is the class of cases in which it has been held that a bill in equity will not lie.

In 1852, when the equity jurisdiction of the court was limited, the legislature passed an act, St. 1852, *c.* 312, § 52, which is now contained in the Gen. Sts. *c.* 134, §§ 49, 50, providing that any person in possession of real property, claiming an estate of freehold, &c., may file a petition in the supreme judicia-

court against an adverse claimant who is not in possession, praying that he may be summoned to show cause why he should not bring an action to try the alleged title. Upon notice being given, the court may hear the parties and make such decree respecting the bringing and prosecuting of such action as may seem equitable and just. But the statute has been construed strictly. See *Hill* v. *Andrews,* 12 Cush. 185; *Dewey* v. *Bulkley,* 1 Gray, 416; *Macomber* v. *Jaffray,* 4 Gray, 82; *Munroe* v. *Ward,* 4 Allen, 150. And by the terms of the statute the right of the petitioner is not absolute, but is subject to the discretion of the court; and, at best, it is not immediate, but subject to delay. The court are of opinion that the remedy under this statute is not so adequate and complete as to supersede the remedy in equity. *Demurrer overruled.*