### CATHERINE SULLIVAN *vs.* MARY FINNEGAN & others.

A person in possession of part of a house, claiming title thereto, may maintain a bill in equity to quiet his title, against one who, having entered, by the plaintiff's permission, into possession of the other part of the house, remains there, claiming title to the whole house under a deed alleged by the plaintiff to be a forgery.

BILL IN EQUITY by the widow of Timothy Sullivan against the widow and children of Thomas Finnegan.

The bill alleged that the plaintiff's husband died seised of a lot of land with a dwelling-house thereon in South Boston, intestate and without children or kindred; that thereupon the plaintiff, as her husband's heir, became seised of said lot of land, and continued to reside in the dwelling-house as she had been previously doing; that not long after her husband's death she invited Thomas Finnegan and his wife, the defendant Mary Finnegan, to come and reside with her, offering to allow them the use of the house and the right to receive the rents of any part which should not be needed for the use of themselves and the plaintiff and should be let to others, on condition that the said Thomas and Mary would live in the house and provide for the plaintiff; that the said Thomas and Mary accepted the offer, and lived in the house, taking the rents and providing suitably for the plaintiff, till Thomas Finnegan died; that after his death his wife continued to live in the house, with the children, the other defendants, under the same agreement, taking the rents and providing for the plaintiff, till December 25, 1867; that on that day and ever since, the defendant Mary Finnegan refused

to provide for the plaintiff, and contended that the plaintiff's husband had made a deed to her husband of the land and dwelling-house, under which deed she and her children were the absolute owners of the premises, and denied that the plaintiff had any right, title or interest therein.

The bill further alleged that the said deed, purporting to be made by the plaintiff's husband to Thomas Finnegan, was a forgery; that the defendants refused to surrender possession of the portion of the premises occupied by them, and claimed to hold the same by virtue of the said deed; that thereby the plaintiff's title to the premises was greatly impaired; but that the plaintiff was in possession of the premises, inasmuch as she occupied one room thereof and had " free ingress and egress to and from said premises and full enjoyment of said room," at the same time that the defendants had " the possession, use and occupancy of the residue of said premises."

The bill finally alleged that the plaintiff was remediless at common law, and prayed that the said pretended deed might be cancelled and declared void; that the plaintiff might be decreed to have and enjoy full and quiet possession of the premises; and that the defendants might be ordered to vacate and deliver up the same.

The defendants demurred, on the ground that the plaintiff had a full and adequate remedy at law, and the case was thereupon reserved by *Gray*, J., for the determination of the full court.

*H. G. Hutchins*, for the defendants.

*J. A. Loring & J. L. Eldridge*, for the plaintiff.

CHAPMAN, C. J.    The demurrer admits that the plaintiff is in possession of one of the rooms in the dwelling-house on the premises, occupying it as her home and claiming title thereto. It also admits that the defendants claim title to the premises, including the room, under a deed from Timothy Sullivan to Thomas Finnegan, and that this is not a valid deed, but con stitutes a cloud upon the plaintiff's title.    The plaintiff cannot maintain a writ of entry to try her title to the room, without abandoning her possession; and therefore she may maintain this bill to remove the cloud from her title.    *Clouston* v. *Shearer* 99 Mass. 209.

It is not necessary to decide at present how far equity, having obtained jurisdiction, will make the remedy complete as to the whole of the premises. *Demurrer overruled.*