## Case No. 5,712.

### GRAY et al. v. CALL et al.

[2 Hask. 242.][1]

Circuit Court, D. Maine. April, 1878.

EQUITABLE RELIEF—CLOUD ON TITLE—REMEDY AT LAW.

Relief in equity cannot be had, in Maine, to remove a cloud from the title to land, caused by an invalid levy, inasmuch as a plain, adequate, and complete remedy at law is provided by Rev. St. Me. c. 104, § 6.

In equity. Bill by the tenants in possession of land in Maine, to remove a cloud from the title arising under a levy of execution thereon, invalid for irregularity. The respondents demurred for want of equity, and because of a plain, adequate, and complete remedy at law.

Hanno W. Gage and Sewall C. Strout, for orators.

Albert P. Gould, for respondents.

Before CLIFFORD, Circuit Justice, and FOX, District Judge.

FOX, District Judge. The respondent, Emma P. Call, demurs to this bill, which is brought to quiet the title to a parcel of real estate in this district, of which the complainants allege they are tenants in common with all the respondents, save Mrs. Call, who has levied on the premises as the estate of Moses G. Call.

The allegations in the bill are, that on the fifteenth of April, 1872, Mrs. Call commenced a libel for divorce against her husband and attached thereon all his real estate; that this attachment was dissolved April 7, 1873, by an amendment to the libel, setting forth new grounds for divorce upon which she relied and obtained her divorce; that April 7, 1876, a decree for $5,000 was made on said libel in her behalf for the support of her infant child; that execution issued thereon June 27, 1876, and an alias execution November 1, 1876, which was levied on the premises.

The title of complainants under Call occurred after the attachment and before the levy; and the bill charges, that the attachment was dissolved by the proceedings on said libel, and by the neglect to seize and levy on the estate within thirty days after judgment; that they are in possession of the premises, but that the levy is a cloud on complainants' title; and they ask for relief.

Upon one ground, at least, we think the demurrer is well taken; and that is, the complainants have a plain, adequate, and complete remedy at law; and in such case, the bill can not be sustained. Clouston v. Shearer, 99 Mass. 209, and cases there cited.

By Rev. St. Me. c. 104, § 6, it is enacted that "every person alleged to be in the possession of the premises demanded in such writ, claiming a freehold therein, may be considered a disseizor for the purpose of trying the right; but the defendant may plead in abatement, but not in bar, that he is not tenant of the freehold; * * and he may show that he was not in possession of the premises when the action was commenced, and disclaim any right, title or interest therein, and proof of such fact shall defeat the action."

If the complainants had adopted this course and instituted their suit at law, the title to the premises could have been fully determined therein between themselves and Mrs. Call, either by her disclaimer, which would have fully and effectually established complainants' title, or by the judgment which would have been rendered after a trial upon the merits.

It may be urged, that in such an action, when the plaintiff is himself actually in possession of the premises demanded, an allegation of a possession by the defendant is false; but the same objection would apply whenever a party other than the defendant is in possession; and in actions of ejectment, from the earliest times, fictitious and untrue averments have always abounded.

The purpose of this statute was to afford a remedy at law to determine the title of land, the equity powers of the supreme judicial court being quite restricted; and we see no good reason for depriving one in possession of a lot of land, and whose title is disputed, from adopting this course against another party making claim to the same estate, as the plaintiff, in the action at law, is liable for costs if the defendant is not in possession and shall disclaim all interest in the premises in the early stage of the suit. We regret not to find that this statute has received a construction by the supreme judicial court of Maine, as in that case, we should have readily adopted it.

In the opinion of the court, the complainants could have availed themselves of this remedy to determine their rights, and there was no occasion for them to resort to equity. Demurrer sustained. Bill dismissed, with costs.