## WILLIAM H. ALLEN *vs.* DAVID H. STORER.

Suffolk.    Nov. 18, 1880; Nov. 17, 1881. — March 3, 1882.    C. ALLEN, J., absent.

A bill in equity alleged that the defendant demised by an indenture of lease to the plaintiff, for a term of years, a parcel of land with the buildings thereon, bounding on a passageway, together with a free and uninterrupted right of way over the passageway, and with a covenant that the lessee, paying the rent and performing his covenants, should peaceably enjoy and hold the premises without hindrance or interruption by the lessor or any other person; that the plaintiff covenanted to erect a new building on the premises within a time named, and deposited with the defendant a certain sum as security, which was to be repaid to him, or applied on the rent at his option, when he should have expended a certain amount on the new building within the time named; that the plaintiff entered under the lease and removed the old buildings, and then first discovered that the passageway was cut off from the land by a brick wall built upon it before the lease and maintained adversely to the lessor, but not by right; that the passageway was an essential part of the property demised, and a substantial inducement, without which the plaintiff would not have entered into the indenture; that when the plaintiff discovered the existence of the wall, he applied to the defendant to be put into possession of the right of way, and the defendant

promised immediately to put him into possession, and, relying upon that promise, the plaintiff proceeded to erect the building at a cost named; that the plaintiff afterwards made two demands, at times stated, upon the defendant to be put into possession of the passageway, and the defendant promised to do so, but had never fulfilled his promise; and that the defendant had always demanded the rent, and the plaintiff had paid it in full and occupied the premises upon the defendant's representations that he would arrange the matter as to the passageway. The bill offered to surrender the plaintiff's part of the indenture and the premises with all improvements; and prayed for a decree that the defendant give up his part of the indenture, and that the same be annulled, and that the defendant pay back all rents paid by the plaintiff, and the cost of all outlays upon the land. *Held,* on demurrer, that the bill could not be maintained.

W. ALLEN, J. This is a bill in equity to which the defendant has demurred, and the question is whether the plaintiff has a remedy at law for any wrong alleged in his bill.

The bill alleges in substance that the defendant, in November 1875, demised by indenture to the plaintiff, for the term of twenty years commencing on the first day of January then next, a parcel of land with the old buildings thereon, bounding southerly on a three-foot passageway, together with a free and uninterrupted right of way and passage in, upon, and over said passageway, and with a covenant that the lessee, paying the rent and performing his covenants, should peaceably hold and enjoy the premises without hindrance or interruption by the lessor or any other person. The lessee covenanted to erect a new building on the premises within the first eighteen months of the term, and deposited with the lessor $5000 as security, which, by the terms of the lease, was to be repaid to him, or applied on the rent at his option, when he should have expended $3000 on the new building within the eighteen months; that the plaintiff entered under the lease, and removed the old buildings, and then first discovered that the passageway was cut off and severed from the land by a brick wall built upon it before the lease, and maintained adversely to the lessor, but not by right; that the passageway was an essential part of the property demised, and a substantial inducement, without which the plaintiff would not have entered into the indenture; that when the plaintiff discovered the existence of the wall, he applied to the defendant to be put into possession of the right of way, and the defendant promised immediately to put him into possession, and relying on that promise the plaintiff proceeded to erect the building at a

cost of $18,000; that, about ten months after said promise of the defendant, the plaintiff again made a demand to be put into possession of the passageway, and the defendant again promised as before; that again, in March 1880, a like demand was made, and a like promise given; that the defendant has always demanded the rent, and the plaintiff has paid it in full and occupied the premises upon representations of the defendant that he would arrange the matter as to the passageway; that the plaintiff has never been in possession of the passageway, and it is still kept out of the possession of the defendant. The bill offers to surrender the plaintiff's part of the indenture and the premises with all improvements; and prays for a decree that the defendant give up his part of the indenture, and that the same be annulled, and the defendant be decreed to pay back all rents paid by the plaintiff, and the cost of all outlays.

The substantial allegation of wrong on which the plaintiff's case rests is, that the defendant did not put him into possession of the premises intended to be demised; that a part of the premises was held adversely to the lessor, so that he did not have the possession of that part to deliver to the plaintiff, and the lease was void as to that; and the loss of that part materially affects the enjoyment and value of the remaining part. There is the additional allegation, that, after the plaintiff had knowledge of the wrong, he continued to occupy under the lease, and made large outlays in improvements required by the lease, relying on verbal promises of the defendant, which he did not keep. The plaintiff contends that these wrongs give him the right to rescind the contract, and to put himself where he was before it was made, by recovering from the defendant the amounts paid for rents and improvements; and that he cannot avail himself of that right at law, and is entitled to the aid of a court of equity.

We are not called upon to consider whether the plaintiff shows, by the allegations of his bill, that he has the right he claims to annul the lease and recover back the money he has paid. The demurrer may be taken to admit that he has those rights. The bill is founded upon them, and asks, and can support, a decree in his favor only in recognition and enforcement of them. Such rights are legal rights, and are protected and

enforced by legal remedies. When the plaintiff found that he had not received possession of the entire premises demised, if he had a right to abandon them and to rescind the contract, it was a legal right. It was a right to avoid the lease, to be discharged from his obligation to pay rent and released from his covenants, and to recover from the defendant the damages caused by his breach of contract. It is like the case of a purchaser of goods, who, after accepting them, finds that they are not the goods he ordered, and who has for that reason a right to rescind the contract of sale. *Coe* v. *Clay*, 5 Bing. 440. *Neale* v. *Mackenzie*, 1 M. & W. 747. *Holgate* v. *Kay*, 1 Car. & K. 341. *Blair* v. *Claxton*, 18 N. Y. 529. *Milliken* v. *Thorndike*, 103 Mass. 382. Taylor's Land. & Ten. (7th ed.) § 176.

It is said that the plaintiff had deposited $5000 as security, and had expended money in tearing down the old buildings, before he knew of his right to annul the lease ; but these considerations only affect the legal rights of the parties arising upon the rescission of the contract. The plaintiff had full remedy at law for any wrong he sustained in these respects. It is true that, if the plaintiff had elected to abandon the premises and be released from his covenants, and did not choose to bring an action against the defendant, he would have continued exposed to a suit on his covenants ; and, if such suit should be brought at any time before barred by the statute of limitations, he might be obliged to try the question of his liability. His condition would not differ in that respect from that of any one who disputes his liability upon a written instrument.

But the plaintiff did not elect to exercise the right he now claims; on the contrary, he elected to treat the lease and its covenants as subsisting, and paid the rent and made the improvements which he had covenanted to do. He alleges that he did this in consequence of, and relying upon, verbal promises of the defendant that he would cease to violate his contract; and, the breach on the defendant's part continuing, the plaintiff contends that his right to rescind the contract continues, that he has also the right upon rescinding to recover back the money he has paid upon his covenants, since as well as before the right to annul the lease was known to him, and that these rights can be adequately established and enforced only in equity.

But these rights, if they exist, are the same as those we have before considered. The plaintiff does not rely upon the verbal promises as giving any right of action. If they can have any effect in his favor, it can only be by preventing the loss of rights which he once had, and the facts alleged do not change the nature of the right claimed by the plaintiff. It is the right to annul the lease, to abandon the premises, to refuse to be bound by his covenants, and to recover back what he has paid. If the plaintiff has these rights, his remedy is complete at law. He can leave the premises, and refuse to perform his covenants, and bring his action for reimbursement. It is said that the plaintiff cannot enforce his rights at law without, as the first step, abandoning the possession of the premises, at the risk of not succeeding in establishing his right to do so. This is true. But there is no risk, if he has the right. It is the same risk which any one takes who acts on the right to rescind a contract, or who in any matter relies on his legal rights, and his ability to maintain them. The plaintiff remains in possession of the premises, paying rent, and does not propose to annul the lease until this court has advised him of his right to do so. The uncertainty of the right asserted is no ground of equity jurisdiction. The difficulty from which the plaintiff seeks relief is similar to that of the plaintiffs in *Clark* v. *Jones*, 5 Allen, 379, 381, and the language of the court in that case may, with verbal changes, be applied to this: " The real difficulty of the plaintiffs consists in their alleged inability to determine accurately, in advance of a legal investigation and trial, whether they can maintain an action against the one or the other of those parties." " It is a difficulty which arises solely out of the uncertainty of the plaintiffs, in advance of the trial, in reference to the effect of the evidence which they may be able to produce upon it, and not at all as to the efficiency or completeness of the remedy which would be afforded by a suit at law."

This case is not at all like the cases for quieting title, where an owner in possession brings a bill against one claiming title under a void deed. There the ground on which a court of equity takes jurisdiction is that the plaintiff has no remedy at law. He cannot sue at law, for he is in possession. " Even if his adversary does an act which may amount to a disseisin by election, he

must abandon his possession during the pendency of the suit,"
"or his action may be defeated by a plea in abatement."
*Clouston* v. *Shearer*, 99 Mass. 209, 212. He cannot establish at
law the right of possession which he claims, without first giving
it up, and then bringing suit to recover it. In the case at bar,
the plaintiff by giving up the possession exercises the very
right which he claims. And in all cases in which a court of
equity will relieve against a void instrument outstanding, which
may at some future time be vexatiously or unjustly used against
a party, the ground of jurisdiction is that he cannot immediately
protect or maintain his right by any course of proceedings at
law. *Martin* v. *Graves*, 5 Allen, 601. *Clouston* v. *Shearer*, *ubi*
*supra*.

If the plaintiff has the rights he asserts, — and we give no
opinion upon that question, — his remedy is plain, adequate
and complete at law. If he should exercise the right to annul
the contract, and avoid the lease, and it should appear that
the defendant continued to hold it, claiming a right under it
against the plaintiff, which he could not test by any proceed-
ings at law, a very different question would be presented from
that now before the court. *Bill dismissed.*

*J. P. Healy & J. F. Colby*, for the defendant.
*W. G. Russell & J. P. Treadwell*, for the plaintiff.