EDWARD RUSSELL *vs.* ELLEN F. BARSTOW & others.

Middlesex. Jan. 27. — Feb. 25, 1887. C. ALLEN & HOLMES, JJ., absent.

A bill in equity will not lie to remove a cloud upon the title to land in the possession of the defendant under the foreclosure of a mortgage thereon, as the plaintiff has a plain, adequate, and complete remedy at law by a writ of entry.

GARDNER, J. The plaintiff brings this bill in equity to remove a cloud upon the title to a " three-acre lot," which he claims to own. He alleges that the defendant Ellen F. Barstow is vexatiously hindering and preventing him " from building on said lot, or from otherwise improving or using it; that the acts and pretences of the defendant Ellen cast a cloud or suspicion on the plaintiff's title, and he is vexatiously and injuriously affected thereby; and that the parties interested are living, and it is desirable that the cloud upon the title be removed while the parties in interest can testify in regard to it. He also alleges that the defendant Ellen F. Barstow, for the purpose of embarrassing the plaintiff, has taken a conveyance of the premises and has entered upon the same. The plaintiff prays that a mortgage from Edmund Parker to Mary and Lucy Osgood, dated February 2, 1846, be declared satisfied and discharged; and that the defendants, " or the parties adversely interested therein," may release their interest in the three-acre lot, if any they have.

A bill in equity lies to remove a cloud upon the title to real estate where there is not a plain, adequate, and complete remedy at law. Where the alleged owner is in possession of the premises, he cannot maintain a writ of entry without abandoning the possession. *Burns* v. *Lynde,* 6 Allen, 305. *Clouston* v. *Shearer,* 99 Mass. 209. In such case, his only remedy is in equity. The Pub. Sts. *c.* 176, § 1, provide that a person in possession of land may file a petition to the court for the purpose of quieting his title. As the plaintiff has brought his bill to remove a cloud upon the title to the three-acre lot, which is in the possession of one of the defendants, and of which he is not in the occupation, the plaintiff cannot maintain his bill, if he has a plain, adequate, and complete remedy at law, as such

remedies exist under our statutes, and according to our course of practice.

The plaintiff prays that a mortgage for $800 from Parker to the Osgoods be decreed to be "satisfied and discharged." The defendant Ellen F. Barstow claims title under this mortgage foreclosed. The plaintiff has a plain remedy at law, by a writ of entry. If the tenants in such action plead *nul disseisin*, the validity of the foreclosure of the . mortgage, which is the foundation of the tenant's title, would be open to the demandant at the trial. If the mortgage was never legally foreclosed, as the plaintiff alleges in his bill, for any cause, then no title passed to the defendant Ellen F. Barstow ; *Lawrence* v. *Fletcher*, 8 Met. 153, 164 ; and a verdict in favor of the plaintiff would remove all cloud from his title, so far as any exists by reason of this mortgage. If the tenant plead a disclaimer, or non-tenure, the like result will follow. In either event, he will have no occasion for relief in equity. *Pratt* v. *Pond*, 5 Allen, 59.

The provisions of the Pub. Sts. *c.* 151, § 2, *cl.* 6, giving jurisdiction in equity where there are more than two parties having distinct rights which cannot be adjusted in one action at law, have no application. The defendant Ellen F. Barstow is in possession, claiming title for herself and her husband. If the mortgage was paid and discharged, and not foreclosed, the defendant has no title. If the mortgage was not paid, and still remains an open mortgage, the defendant has no title, and the plaintiff has the same rights under the mortgage that Parker, the original mortgagor, had. If the mortgage was duly foreclosed, then the defendants Barstow have title to the premises. The plaintiff's remedy at law is plain, adequate, and complete.

*Bill dismissed.*

*C. D. Adams*, for the plaintiff.

*J. T. Wilson*, for the defendants Barstow.

*H. G. Allen*, for the other defendants.