EUNICE WEBSTER *vs.* JOHN TUTTLE.

Franklin. Opinion April 6, 1891.

</div>

*Constitutional Law. Quieting Title. Adverse Claimants. R. S., c. 104, §§ 47, 48.*

Sections 47, and 48, of c. 104, R. S., enabling those in possession of real estate claiming free hold, or an unexpired term of not less than ten years therein, to quiet their title against adverse claimants by petition requiring such claimants to bring suit within such time as the court may order,— are constitutional.

ON EXCEPTIONS.

This was a petition in which the defendant was summoned to show cause why he should not bring an action to try his alleged title to certain real estate situate in Freeman, Franklin County, and which the plaintiff averred she owned and possessed in fee simple. The petition concludes : "And the said Eunice Webster, further avers and says that she is credibly informed and believes that John Tuttle, of said Freeman, makes some claim adverse to her estate in said premises, to wit, that he owns said land and premises in fee simple."

The defendant filed the following answer :

"And now comes the said defendant and says that he ought not to be compelled to bring an action to test his title to the described premises, because such compulsion is contrary to the Bill of Rights, which provides that "every citizen may freely

speak, write and publish his sentiments on any subject, being responsible for the abuse of this liberty."

"That he ought not to be compelled to bring such action, nor ought a decree to be entered against him debarring him from bringing such action hereafter if he should see fit to do so, for the statute making such provision is oppressive and unconstitutional.

"The defendant conscientiously believes that he has title to the premises in question, and claims that he has the constitutional right to say so, but denies the right of the legislature to compel him to bring an action against his neighbor, if he prefers not to do so ; and denies the right of the legislature to authorize a decree to be entered against him depriving him of any interest that he may have in the premises, even though he does not see fit to assert his right to the same.

"At the present time the defendant does not feel like incurring the expense of a law suit, but may be in better condition to do the same at some future time."

The defendant at the September term, 1889, was ordered to bring an action returnable at the next (March 1889,) term, when not having complied with the order of court, the following decree was made :

"This cause came on for hearing and it appearing that the court has full jurisdiction, and that the defendant appeared and has disobeyed the order of court to bring an action and try his title to the real estate described in plaintiff's petition, and the court having maturely considered the matter : *It is ordered and decreed*, that the said John Tuttle shall be, and hereby is, forever debarred and estopped from having or claiming any right or title adverse to the petitioner in the premises described in her petition."

The defendant thereupon excepted to the decree.  The case was submitted without argument.

*S. Clifford Belcher*, for plaintiff.

*H. L. Whitcomb*, for defendant.

HASKELL, J.  The only question presented in this case is, whether § § 47 and 48, of c. 104 of R. S., to enable those in

possession of real estate, claiming a freehold, or an unexpired term of not less than ten years therein, to quiet their title to the same against adverse claimants by petition to this court and decree thereon, are constitutional.

No case has been cited at the bar tending to the contrary. A similar statute was enacted in Massachusetts, in 1852, c. 312, § 52, as a substitute for the more effectual remedy in equity to quiet titles, that the court of that state then had no power to give. *Clouston* v. *Shearer*, 99 Mass. 209.

The latter is common in courts of equity, and no good reason appears why the former should not be held to be within the power of the legislature to establish. It has not been given as a matter of right where the respondents appear and claim title and show cause in the premises, for then the court is to make such decree as seems equitable and just; or, in other words, act in the exercise of a sound discretion. Whether that discretion was properly exercised is not a pending question, for no exceptions were taken to the exercise of it. The decree requiring suit to be brought was entered at a prior term and by another judge. The decree now complained of, barring the respondent's claim, was entered as peremptorily required by statute in case of disobedience of the order to bring suit. The legislature ordained the power, and the court has exercised it. The decree is valid and must stand.　　　　　　　　　　*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.