OLIVER W. MEAD vs. DAVID C. CUTLER & another.

Middlesex. January 27, 1911. — March 7, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Writ of Entry. Practice, Civil,* Abatement, Writ of entry.

If, after the bringing of a writ of entry, the tenant surrenders possession of the land described in the writ and the demandant takes possession thereof, the writ abates and judgment must be entered for the tenant.

KNOWLTON, C. J. This is a writ of entry, brought in the Land Court * and taken by appeal to the Superior Court. It was agreed between the parties that the case should be heard before the presiding judge, without a jury, who should make rulings and direct answers to the issues, which answers should be treated as returned by a jury duly impanelled. Agreed facts were filed by the parties, and also "Memoranda upon which the case is to be submitted," duly signed. Two of the stipulations among those in the memoranda, are as follows:

"It is agreed, if competent, which the demandant denies, that the tenants quit the demanded premises on the 21st of March, 1908, and thereupon delivered the key of the house to the demandant who thereupon assumed possession thereof and has since held and claimed such possession.

"If said facts are competent and material, and the court shall rule as matter of law that thereby the demandant's writ has abated and the suit of demandant terminated, then such judgment is to be entered as such facts and ruling require."

The judge of the Superior Court found in favor of the tenant Estella A. Cutler, and against her husband, the tenant David C. Cutler.† One of this tenant's exceptions is to the

---

* The date of the writ was October 17, 1905.

† The case was heard in the Superior Court by *Schofield,* J., on the question raised by the stipulations above quoted. He ruled "that the writ did not abate by the surrender of possession by the tenants on March 21, 1908, and the entry of the demandant. The estate of the demandant continued and he had a right to prosecute the action to judgment on the question of costs and of damages, and possibly also on his right to possession even if not entitled to execution for possession." The tenant David C. Cutler alone alleged exceptions.

ruling in favor of the demandant upon the question presented by these stipulations.

The object of a writ of entry is to obtain possession of real estate from a disseisor who is in possession and holds the demandant out. So it is elementary law that a person in possession of real estate cannot maintain a writ of entry without abandoning possession. *Burns* v. *Lynde*, 6 Allen, 305, 312. *Sullivan* v. *Finnegan*, 101 Mass. 447, 448. *Allen* v. *Storer*, 132 Mass. 372, 377. *Leary* v. *Duff*, 137 Mass. 147, 149. *Russell* v. *Barstow*, 144 Mass. 130. For this reason the St. of 1852, c. 312, § 52, now R. L. c. 182, §§ 1–4, was enacted to enable persons in possession to compel other persons claiming under an adverse title to bring an action to try the title. It is a corollary of this proposition that, if the demandant enters into possession, claiming the land, while the suit is pending, and keeps possession, the writ will abate. Roscoe on Real Actions, 204. Stearns on Real Actions, 215, 216. Jackson on Real Actions, 102, 142, 155, 156. Com. Dig. Abatement (H. 48), 135. Chief Justice Shaw recognizes this rule in *Curtis* v. *Francis*, 9 Cush. 427, 455. It has been reaffirmed from time to time in later cases. In *Munroe* v. *Ward*, 4 Allen, 150, 151, the court said : " But in order to maintain his action he must abandon the possession during the pendency of the action. For unless he does this, the tenant to the writ may plead, *puis darrein continuance*, that since the suit was pending he has entered upon the lands in question, and disseised the tenant. And if it appears that he has entered into the whole, or even a part, of the lands, the writ shall abate for the whole, provided it was an entry for the purpose of taking possession, and not a mere casual going upon the land." In *Clouston* v. *Shearer*, 99 Mass. 209, 212, we find this language: " Or if, while the suit was pending, the plaintiff should do any acts inconsistent with the pursuit of his remedy, such acts might be pleaded in abatement. Thus, if he were to enter and collect rents, or take the profits in any way, the defendant, as tenant in the action, might plead that he had entered and disseised him pending the suit. Entry into a parcel of the demanded premises would abate the whole writ." Our statutes in regard to writs of entry leave this rule of the common law unchanged. By the R. L. c. 179, § 8, " The law and practice relative to the plead-

ings and evidence in a writ of entry upon disseisin, as heretofore recognized and established," are continued in force, except so far as they are altered by the provisions of that chapter and of chapter one hundred seventy-three of the Revised Laws.

The stipulations of the parties, already quoted, do not seem to have reference to any question of pleading. This matter was pleaded definitely by one of the tenants and not by the other. The ruling of the presiding judge on this point was made without reference to the pleadings, and neither party has considered the pleadings in argument. We are therefore of opinion that the ruling " that the writ did not abate by the surrender of possession by the tenants on March 21, 1908, and the entry of the demandant" was erroneous, and that the exception on this point must be sustained. Under the second of the stipulations quoted above, this court having held as matter of law that the demandant's writ has abated and the suit of the demandant terminated, judgment should be entered for the tenant.

*Exceptions sustained; judgment for the tenant.* ·

The case was submitted on briefs.

*A. A. Wyman,* for the tenant David C. Cutler.

*H. Parker & R. Walcott,* for the demandant.