## PLUMER et al. v. HEWITT.
### No. 6028.

Circuit Court of Appeals, Seventh Circuit.
March 23, 1937.

Samuel E. Hirsch, Julian H. Levi, and Stanley G. Schoenbrod, all of Chicago, Ill., for appellants.

George I. Haight, Edward A. Haight, and William E. Lucas, all of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

BALTZELL, District Judge.

Appellants challenge the correctness of a decree of the District Court which ordered that appellee, Leslie C. Hewitt, recover of appellant Fred W. Plumer the sum of $5,000, with interest, and that appellant Michigan Guild of Artists, a corporation, should remove the name of appellee from its books as a stockholder.

Appellant Plumer was the president and majority stockholder of Plumer, Inc., a corporation, the name of which was later changed to Michigan Guild of Artists. In the spring of 1931 appellee purchased through appellant Plumer 50 shares of the capital stock of Plumer, Inc., and paid therefor the sum of $5,000. It is the contention of appellee that he was to receive new stock of such corporation, but instead of getting new stock he was defrauded by appellant Plumer, and what he actually received in the transaction was stock then owned by Plumer; that he did not discover such fraud until about October 1, 1932, when he tendered the stock back and offered to deliver the same to appellants upon receipt of the amount he had paid therefor. This action was begun on December 19, 1933.

The District Court stated its special findings of fact upon which it concluded that appellant Plumer made misrepresentations of material facts; that he was guilty of actual fraud upon appellee; that appellee was entitled to a decree rescinding the purchase of the stock; and that he should recover from appellant Plumer the consideration paid therefor, together with interest. From the decree thus rendered, this appeal is being prosecuted.

The errors relied upon by appellants may be summarized as follows: That there was no concealment or misrepresentation of any facts to Hewitt at any time; that he was as conversant regarding the situation, as a director of the company, as any of the parties; that as director and treasurer of the company he was chargeable with actual knowledge and notice of the entries contained in the books of the company, and is in no better position to complain regard-

ing such entries than any other party to the cause; that nowhere in the record is there any damage spelled out on his behalf.

The sole question presented for determination upon this appeal is whether there is substantial evidence to sustain the findings and conclusions of the District Court.

■ We have carefully examined the record and find that the trial court has not misapprehended the evidence, but, on the contrary, we find substantial evidence and reason to support the findings thus made, and such findings must therefore be accepted by this court. American Rotary Valve Company v. Moorehead (C.C.A.) 226 F. 202; Barbour v. George et al., 84 F.(2d) 281 (C.C.A.7); Martin v. Luster, 85 F.(2d) 833 (C.C.A.7).

■ It is admitted by the parties that commencing in May, 1931, and thereafter, appellee paid the total sum of $5,000 to the corporation for 50 shares of stock; that in May, 1931, he became a director, the treasurer, and financial manager of the company; that his stock was not delivered to him until the middle of October, 1931; and that the stock which he received was not newly issued stock.

It is further clearly shown by the evidence that in May, 1931, appellants agreed to sell appellee 50 shares of capital stock of Plumer, Inc., for $5,000 and such stock was to be newly authorized and newly issued; that on May 12, 1931, the corporation, by its board of directors, including appellant Plumer, resolved to amend its statement of incorporation and increase its authorized capital stock to $30,000 in order to provide such new stock for appellee; that such amendment was filed with and approved by the Secretary of State, and an effort was made to obtain a permit from the Secretary to sell such stock; that such permission was refused because the application disclosed that officers of the corporation had been drawing salaries of $31,000 a year. A part of the unpaid salaries of such officials was being treated as notes and accounts payable by the company, and since it had no substantial record of earnings and had shown a loss for the past year, the department required that all claims for back salaries should be wiped out and an agreement furnished to the department that the salaries of officers would be reduced to a minimum and paid only out of earnings of the company after reasonable dividends on

the common stock had been provided for. This arrangement was not acceptable to appellants, and they, thereupon, without the knowledge of appellee, transferred to him 50 shares of stock which had been theretofore issued by the corporation to appellant Plumer, and which was then owned and held by him. Prior to the delivery of such stock to appellee, appellants represented to him that such stock was newly issued stock. Such representation was false and untrue and so known by appellants, and was made with the intent that appellee should rely thereon and be deceived thereby. Appellee did believe such statement, was deceived thereby, and paid his money in reliance thereon.

The representation thus made by appellants was material, and appellee was not obliged to keep the stock which he had not agreed to purchase. Upon the discovery of such deception he had the right, if he proceeded with reasonable promptness, to tender back the stock received and recover the amount he had paid therefor. Orbison v. Klayer, 205 Ind. 340, 184 N.E. 771; Gray v. Reeves, 69 Wash. 374, 125 P. 162; Chatfield v. Sintz-Wallin Co., 182 Mich. 689, 148 N.W. 797; Newhall v. Enterprise Mining Company, 205 Mass. 585, 91 N.E. 905, 137 Am.St.Rep. 461.

■ Appellants complain that appellee did not discover such fraud sooner, and it is asserted that, inasmuch as he was an officer and director of the company, he was chargeable with actual knowledge regarding the financial situation of the company and its capital structure. In this connection, much stress is laid upon the fact that he was furnished monthly statements showing that the authorized capital stock of the company was $30,000 and the amount of capital stock unissued was $10,000. But such statements cannot be relied upon for any such purpose, because they were made up by the bookkeeper, and, when appellee received the first statement, it was explained to him by her that she did not know how to set up the new stock issue; that she had set it up in the manner shown in the statement; and that he should disregard it. Appellee had nothing to do with the keeping of books, and did not see the entry that was made upon the records pertaining to his stock transaction until in October, 1932. In March of 1932, he had asked to look at the books of the company, and his request was denied. Appellants' contention in this regard should not prevail.

ysis‑

Appellants also urge that appellee has been guilty of laches. It is contended that before he brought this action the corporation became insolvent, and his recovery should now be barred. There is no merit in this contention. The judgment for the recovery of the $5,000 is not against the corporation, but against the one with whom appellee dealt and who received the benefit of the transaction and is not barred by the statute of limitations.

The decree of the District Court is affirmed.