ABEL SIMONDS *vs.* EBENEZER B. WALKER.

The record of the laying out of a highway by county commissioners, after setting forth the
length of the way, described its location further thus: "Said road throughout its whole
length is laid out and located three rods wide on the southerly side of the metes and
bounds aforedescribed, and adjoining thereto. From stone monument No. 8 to stake No.
14, all the land between the location of three rods wide and the Ashburnham road is
taken for materials and slope." *Held,* that the land described in the last clause was
within the location of the way.

TORT for entering the plaintiff's close and digging and carry-
ing away earth and stones. The defendant justified under an
order of the county commissioners for the construction of a
highway from Fitchburg to Westminster, which he was em-
ployed by the town of Fitchburg to build according to the speci-
fications of said order, in which the limits of the highway were
set forth in the same words by which they were described in the
record of the commissioners for the laying out of the way. The
case was submitted to the judgment of the full court on facts
agreed, the plaintiff conceding that the place of the alleged tres-
pass was "within said description in said order;" and the ma-
terial part of the record is stated in the opinion.

*C. H. B. Snow,* for the plaintiff.

*F. H. Dewey & F. P. Goulding,* for the defendant.

HOAR, J. Upon the agreed statement of facts, the decision of this case depends upon the construction to be given to the record of the county commissioners, laying out a highway in Fitchburg. If the location includes as a part of the highway the place of the alleged trespass, the defendant is entitled to judgment. The record is in these words : " The length of road in Fitchburg is 347 rods and 17 links, and said road throughout its whole length is laid out and located three rods wide, on the southerly side of the metes and bounds aforedescribed and adjoining thereto. From stone monument No. 8 to stake No. 14 all the land between the location of three rods wide and the Ashburnham road is taken for materials and slope ;" and the question is, whether the last clause sufficiently describes a part of the location of the highway.

In the first place, the commissioners were laying out a highway, and had no authority to take land beyond the limits of the location. *Anthony* v. *Adams,* 1 Met. 284. *Franklin* v. *Fisk,* 13 Allen, 211. It is therefore a just rule of construction to hold that they intended the record of their action to be within the scope of their powers. If their language is capable of two meanings, it is the fairer mode of dealing with a board of public officers to give it that meaning which is consistent with their duty, and not that which would create an unauthorized invasion of private rights ; *ut res magis valeat quam pereat.*

Looking at the record in this view, we find that it gives a laying out and location of the whole length of the road in Fitchburg, three rods wide, and goes on to say that for a certain part of the way an additional width, defined by metes and bounds, is " taken for materials and slope." How " taken ? " In the only way, most reasonably, in which it could lawfully be taken, — as a part of the road which they were defining. To say that it is taken " for materials and slope " is only to give the reason why the road should be wider at that part than elsewhere. It is as if they had said : The whole road is to be three rods wide; and as between monument No. 8 and stake No 14

it is necessary that it should be wider, to furnish a proper slope for the road bed and the materials required for its construction, in addition to the three rods there is taken at that place all the land to the Ashburnham road. To say that it is taken for "slope" we understand to be the same as saying that it is taken for an embankment or excavation created in the construction of the road itself.

The objection that the boundaries of the additional location are uncertain does not seem to us tenable. Probably the lines should be drawn at right angles from the first part of the location at the monuments indicated; but it is not in any event so indefinite as to avoid the location, even on *certiorari*, and the place of the alleged trespass is agreed to be within it.

*Judgment for the defendant.*