JAMES W. DOON & another *vs.* INHABITANTS OF NATICK.

Middlesex.    March 2, 7, 1898. — May 20, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Abolition of Highways and Crossings at Grade — Damages — Eminent Domain — Right to use Land taken.*

In abolishing a grade crossing under St. 1890, c. 428, the commissioners reported that "the location of C. Street remaining unchanged, said street shall pass over the railroad tracks by a suitable bridge at a height of not less than sixteen feet in the clear above the grade of said tracks hereinbefore ordered," and then, having stated requirements for the descent of the grade, for the construction of the abutments and superstructure of the bridge, etc., reported that the above street "shall be graded to its full width, and the roadway shall have a dressing of good gravel," etc. "The gravel may be sloped beyond the limits of said C. Street so far as may be necessary to hold the embankment, and for this purpose the right and easement to enter upon the following parcels of land, and to construct and maintain the necessary slopes thereon, is hereby taken." Then followed a description of the land so taken, and for which damages were sought to be recovered. *Held*, that the right or easement acquired by the taking was not only the right to slope the filling so far as it might be necessary to hold the embankment, but the right to use the land for purposes for which any land may be used over which a highway is located.

PETITION to the Superior Court for the assessment of damages sustained by the petitioners by the taking of land for changing the grade of Cochituate Street in front of their premises in Natick, for the purpose of abolishing the grade crossing of said street with the Saxonville Branch Railroad, so called, under the provisions of St. 1890, c. 428, and acts in amendment thereof. The crossing was abolished by the decision of the three commissioners appointed by the court on the joint petition of the selectmen of Natick and the directors of the Boston and Albany Railroad Company, which decision was duly confirmed, and the findings thereof adopted by the Superior Court.

At the trial in the Superior Court, before *Mason*, C. J., the respondent, at the close of the evidence requested the Chief Justice to instruct the jury that the only right or easement acquired in the petitioners' land by the taking was the right to slope the filling so far as it might be necessary to hold the embankment

and that the damages should be limited to the injury which such an easement would occasion to the land taken.

The Chief Justice refused so to rule, and instructed the jury that, under the taking, the respondent would have the right to make any use of the land which can be made of any land taken for a highway, and that the jury in assessing the damages might have reference to all uses to which land taken for a highway may be put; and the respondent excepted.

The jury returned a verdict for the petitioners; and the respondent alleged exceptions.

*P. H. Cooney*, for the respondent.

*W. B. Sprout*, for the petitioners.

KNOWLTON, J. In abolishing a grade crossing under the St. 1890, c. 428, the commissioners reported in regard to Cochituate Street, on which the crossing was, as follows: " The location of Cochituate Street remaining unchanged, said street shall pass over the railroad tracks by a suitable bridge at a height of not less than sixteen feet in the clear above the grade of said tracks hereinbefore ordered." Then follow requirements for the descent of the grade in each direction to the existing level, for the construction of the abutments and superstructure of the bridge, and for other details of construction. " The said Cochituate Street shall be graded to its full width, and the roadway shall have a dressing of good gravel," etc. " The gravel may be sloped beyond the limits of said Cochituate Street so far as may be necessary to hold the embankment, and for this purpose the right and easement to enter upon the following parcels of land, and to construct and maintain the necessary slopes thereon, is hereby taken. Said parcels are bounded and described as follows." Here follows a description of a certain parcel of land taken, as above set forth, from the petitioners, and for which taking damages are sought to be recovered in this proceeding. The question is whether the right or easement acquired by the taking was only the right to slope the filling so far as it might be necessary to hold the embankment, or the right to use the land for purposes for which any land may be used over which a highway is located.

The Legislature may authorize a tribunal taking land for a public use to take a fee, or any right or easement in land,

according to the requirements of the use for which it is taken. Often discretion is given to the tribunal to take such an easement as they deem necessary. See St. 1895, c. 488, § 4. *Burnett* v. *Commonwealth*, 169 Mass. 417. The statutes which authorize the laying out of highways and town ways do not recognize the necessity or desirability of taking different kinds of easements for the construction of ordinary ways, but they provide for the location of ways over lands of private owners. A location under these statutes subjects the land to an easement for any kind of use which may be reasonably necessary for the construction and maintenance of the way. The easement created by such a location is the only easement which county commissioners, road commissioners, or other tribunals laying out highways and town ways under general statutes, can create. They may take land for a way. They cannot take land for any purpose less than for a way, whatever may be the particular kind of use to which they intend to put it.

The case of *Simonds* v. *Walker*, 100 Mass. 112, is like the case at bar in its principal features. The county commissioners laid out a highway and located it three rods wide by metes and bounds, and added, " from stone monument No. 8 to stake No. 14 all the land between the location of three rods wide and the Ashburnham road is taken for materials and slope." It was held that the land described in this last clause was within the location of the highway. It is said by Mr. Justice Hoar, giving the opinion of the court, that the commissioners "had no authority to take land beyond the limits of the location. . . . Looking at the record in this view, we find that it gives a laying out and location of the whole length of the road in Fitchburg, three rods wide, and goes on to say that for a certain part of the way an additional width, defined by metes and bounds, is 'taken for materials and slope.' How 'taken'? In the only way, most reasonably, in which it could lawfully be taken, — as a part of the road which they were defining. To say that it is taken 'for materials and slope' is only to give the reason why the road should be wider at that part than elsewhere." This case is decisive of the case at bar.

The rights of commissioners taking land under St. 1890, c. 428, are the same in this particular as the rights of county commissioners in laying out highways.

In *Towne* v. *Newton*, 167 Mass. 311, no such question as that in the present case was raised by the exceptions or considered by the court.                                   *Exceptions overruled.*