ANDREW W. PRESTON vs. CITY OF NEWTON.

Middlesex.   December 2, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Way*, Public.  *Equity Jurisdiction*, Remedy at law, To remove cloud from title.

Where land is taken by a city under statutory authority for the widening of a highway, and the owner of such land has filed and prosecuted a petition for damages for the taking, such owner by the prosecution of his petition admits that the proceedings for the taking of his land were legal and regular, and the remedy provided by the statute for compensation is exclusive.

A city taking land for the widening of a highway under statutory authority is not obliged to grade the way to the level of adjacent land or to construct approaches from such land.  If the owner of such adjacent land is compelled to incur expense in order to provide access to the way from his land, such expense will be taken into account in assessing his damages for the taking.

A city which has taken land under statutory authority for the widening of a highway has no authority also to take an easement of slope in adjoining land for the purpose of grading it to connect with the way, as the statutes which authorize the laying out and widening of public ways do not authorize the taking of land for any purpose less than a way.

The owner of a strip of land, of which a city unlawfully has taken possession under an attempted taking for an unauthorized purpose, cannot maintain a suit in equity against the city to remove a cloud upon his title, because he is not in possession of the land and also because he has adequate remedies at law.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 13, 1912, by the owner of a strip of land on Washington Street in Newton, against that city, alleging a taking of the greater portion of such strip of land by the defendant for the widening of Washington Street and the further taking of an easement of slope in an additional portion of such strip, alleging also that the defendant never had made use of such easement of slope and had not graded such additional land to connect with the plaintiff's remaining land, so that the plaintiff was deprived of the reasonable use of such remaining land along the line of the taking; that the plaintiff had filed in the Superior Court a petition for an assessment of his damages; that the judge of the Superior Court had ruled that the alleged taking of the easement of slope was invalid and further had ruled that the defendant was not obliged to work the full taking so as to give the plaintiff access to the highway; that the jury

had disagreed and that no judgment had been entered. The plaintiff further alleged that it was the duty of the defendant to work the land and easement taken by it for highway purposes, so that, if the taking was valid, the plaintiff's damages might be shown and assessed by a jury; and also alleged that the land taken and not worked had been abandoned by the defendant; that the alleged easement of slope attempted to be taken was invalid and void, but that the defendant claimed title to the land and easement and thereby created a cloud upon the plaintiff's title which prevented his selling and giving a clear title to the land; and that the plaintiff was without remedy except in a court of equity. The prayers of the bill were that pending the hearing of the bill the proceedings on the plaintiff's petition in the Superior Court might be stayed; that the defendant might be ordered to record an abandonment or release of the portion of the strip of land included in the terms of the taking which it had neglected to work, or, if there had not been an abandonment of such unworked portion, that a mandatory injunction might issue ordering the defendant to remove the earth from such unworked portion so that the plaintiff might have access from his land to the highway at its level; that the attempted taking of the easement of slope might be decreed to be illegal and void, or, if the taking should be held to be valid, that a mandatory injunction might issue ordering the defendant to work such easement so that the plaintiff's damages might be apparent and be appraised by a jury; and for further relief.

The defendant demurred to the bill for want of equity and on the grounds that the plaintiff had an adequate remedy at law and an exclusive remedy at law.

The case was heard by *Loring,* J., who made an interlocutory decree sustaining the demurrer. The plaintiff waived his right to amend his bill and appealed from the decree. After a further hearing the justice made a final decree sustaining the demurrer and ordering that the bill be dismissed with costs to the defendant. The plaintiff appealed.

The case was submitted on briefs.

*H. J. Jaquith,* for the plaintiff.

*W. S. Slocum & P. F. Drew,* for the defendant.

DE COURCY, J. This is a bill in equity relative to a taking of land by the city of Newton for the widening of Washington Street.

The order of the board of aldermen purported to take a strip of land about four hundred and eleven feet in length, nine feet in width at the northerly end and tapering to a point at the southerly end; and also an easement of slope in the adjoining land. As these two elements are separable and are governed by different legal principles, we shall first consider the strip of land taken and laid out for a street.

It is apparent from the description and plan duly filed in the registry of deeds after the passage of the order to take the land, that the taking was in accordance with the provisions of the statutes and of the charter of the city of Newton, and was valid. R. L. c. 48, § 97. St. 1897, c. 283, § 14, cl. 4. Indeed the plaintiff, by prosecuting his petition for the assessment of damages for the taking, necessarily has admitted that the proceedings by the city were legal and regular, and that his land has been appropriated by the municipality. *Pinkham* v. *Chelmsford,* 109 Mass. 225. *Murray* v. *Norfolk,* 149 Mass. 328. And it is well settled that where the Legislature authorizes the taking of land for a public use, and the taking is in accordance with the statute, and a plain and adequate remedy is provided for compensation, the remedy provided by statute is exclusive. *Lancy* v. *Boston,* 185 Mass. 219.

The plaintiff shows no legal cause of complaint in the fact that the city has not wrought the street. Roads are constructed for the safety and convenience of the public, and the city is not obliged to grade them up to the line of the adjacent lots, or to construct approaches therefrom. If, in order to provide access from his property to the road, the landowner is required to undergo expense, that will be taken into account in assessing the damages. *Metcalf* v. *Boston,* 158 Mass. 284. *Como* v. *Worcester,* 177 Mass. 543. *Hunt* v. *Mayor of Boston,* 186 Mass. 209. Apparently the allegation in the bill that the land taken and not worked has been abandoned is not now relied upon. As to this it is enough to say that a way once duly laid out continues to be such until discontinued according to law. *Loring* v. *Boston,* 12 Gray, 209. *Bliss* v. *Attleborough,* 200 Mass. 227.

The order of the board of aldermen, after the description of the parcel of land taken, contains the following: "An easement is also taken as shown on said plan in the land adjoining said street as widened, consisting of a right to have the land of the location of

said way protected by having the surface of such adjoining land slope from the boundary of the location of said Washington Street as widened." And the plan referred to indicates that the proposed "slope line of easement" is entirely outside the new line of the street. But in laying out the way the city had no right to take an easement in this land beyond the limits of the location. As stated by Knowlton, J., in *Doon* v. *Natick*, 171 Mass. 228, 230: "The statutes which authorize the laying out of highways and town ways do not recognize the necessity or desirability of taking different kinds of easements for the construction of ordinary ways, but they provide for the location of ways over lands of private owners. A location under these statutes subjects the land to an easement for any kind of use which may be reasonably necessary for the construction and maintenance of the way. The easement created by such a location is the only easement which county commissioners, road commissioners, or other tribunals laying out highways and town ways under general statutes, can create. They may take land for a way. They cannot take land for any purpose less than for a way, whatever may be the particular kind of use to which they intend to put it." The defendant urges that this portion of the order be construed as a legal taking of this land designed for a slope, thus giving the city the right to use it for the purposes for which any land may be used over which a highway is located. See *Simonds* v. *Walker*, 100 Mass. 112; *Doon* v. *Natick*, *ubi supra*. In the case at bar, however, it seems clear that the easement sought to be acquired by the taking was only that of having maintained as a slope the land of the plaintiff beyond the limits of the street as widened.

Nevertheless the plaintiff cannot in this action avail himself of this illegal attempt to subject his land to an easement of slope. The bill cannot be maintained to remove a cloud upon his title, as he is not in possession of the premises, which have been entered upon by the city. And further, no such bill lies when there is adequate relief at law. R. L. c. 182, § 1. *Russell* v. *Barstow*, 144 Mass. 130. *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196. He has a legal remedy in tort, *Mayo* v. *Springfield*, 136 Mass. 10; or by a writ of entry, *Harris* v. *Marblehead*, 10 Gray, 40.

The decree sustaining the demurrer must be affirmed; and the bill is to be dismissed but without prejudice to the right of the

plaintiff to invoke the common law remedy now open to him; and with costs to the defendant.

*So ordered.*