GILBERT A. A. PEVEY, administrator, & others *vs.* EMMA McGRATH & others.

Middlesex. December 7, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Executor and Administrator. Equity Jurisdiction,* To set aside conveyance procured by undue influence. *Undue Influence. Equity Pleading and Practice,* Appeal; Requests for rulings; Master: objections and exceptions to report.

An administrator of the estate of a deceased person cannot maintain a bill in equity to set aside a conveyance of real estate made by the decedent in his lifetime by reason of undue influence exerted upon him by the defendants, if it does not appear that the administrator has obtained a license to sell the interest of the intestate in such real estate.

On an appeal from a decree in a suit in equity, this court cannot consider requests for rulings presented to the trial judge at the hearing before him, if such requests are not a part of the record, although in a memorandum the judge stated "requests for rulings are denied as immaterial to the issues properly raised and decided in the case."

On an appeal from a decree dismissing a suit in equity which was heard by a master whose report was confirmed, exceptions to the report cannot be considered if it does not appear that objections were filed with the master under Equity Rule 31.

On an appeal from a decree dismissing a suit in equity to set aside a conveyance of real estate on the ground that it was procured by undue influence, the decree must be affirmed if it appears from findings by a master whose report was confirmed that during all transactions to which the suit related the grantor was of sound mind and was not under undue influence as alleged.

BILL IN EQUITY, filed in the Superior Court on August 30, 1919, by the administrator of the estate of James Irwin, late of Cambridge, Margarey Brown, Annie D. Haley, Edward John Irwin and Annie Loretta McNulty, against Emma McGrath, Jane Hogan and Annie L. Hogan, to set aside as procured by undue influence certain conveyances by James Irwin of his property which at the time of the filing of the bill was held by the defendants.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The record disclosed no objection to the report filed with the master and no requests for rulings by the plaintiffs.

The suit was heard by *Sanderson,* J., by whose order there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiffs appealed.

*J. L. Sheehan,* for the plaintiffs, submitted a brief.

*J. A. Waters,* for the defendants, submitted the case without argument or brief.

CROSBY, J. The plaintiff Pevey is the administrator of the estate of James Irwin deceased; the other plaintiffs and all the defendants are his heirs at law. The bill is brought to set aside certain conveyances made by the intestate of real estate situated in Cambridge, upon the ground that such conveyances were obtained by fraud and undue influence exercised by the defendants and their predecessors in title. The master found the following facts:

The real estate in question was occupied by the intestate and his family for many years, having been purchased by him in 1872. Afterwards the title was transferred to his wife, who shortly before her death in 1908 reconveyed it through a third person to him. Thereafter during the same year he conveyed the premises to his daughters, Sarah Louisa Buckley and Jane T. Hogan. At the time of this conveyance, Sarah, and Jane and her children, lived on the premises with the intestate. Jane T. Hogan died April 21, 1909. She was a widow, and her only heirs at law were her three minor children — the defendants in this suit. On February 7, 1912, and shortly before her death, Sarah Louisa Buckley reconveyed her undivided half interest in the premises to her father; on October 22, 1912, he conveyed this undivided interest to Jane Hogan, his granddaughter, one of the defendants. He continued to occupy the premises until his death in 1919; he was then about eighty-five years of age.

After the marriage of his daughter Margarey, in 1908, she left his home, and the housework was carried on under the charge of his daughter Jane T. Hogan, until her death. From then until his death, a period of about ten years, the three defendants maintained the home for him; they went to work about the time they became

seventeen years of age respectively, and thereafter contributed the bulk of their earnings to the expenses of the house. These earnings were turned over to their grandfather and expended by him for the requirements of the home. There was no evidence that any of the plaintiffs contributed to his support during this period; there was evidence that he had considerable feeling against his daughters Mrs. Brown and Mrs. Haley.

The master made the following findings: "I find as a fact that James Irwin was not of unsound mind at the time of any of the acts complained of. Upon all the evidence, I find as a fact that none of the conveyances in controversy were made by reason of any fraud or undue influence on the part of these defendants or their predecessors in title and that James Irwin was not dominated nor controlled at any time by the defendants, with or without, the assistance of Jane T. Hogan and Sarah Louisa Buckley, or either of them." As the evidence is not reported these findings are conclusive. *Ginn* v. *Almy,* 212 Mass. 486, 496. *Blodgett* v. *Ahern,* 217 Mass. 262.

The court rightly ruled that the administrator cannot maintain the bill to set aside the conveyances on the ground that they were made in fraud of creditors, as he has not obtained a license to sell the property.

It is well settled that an administrator has no rights in real estate except those given by statute. R. L. c. 146. "By the terms of the statute, his only right to bring an action of this kind is 'by virtue of such license.' R. L. c. 146, § 17. The existence of a valid license is of the essence of his right. Without it he has no title." *Tyndale* v. *Stanwood,* 190 Mass. 513, 516. It was said by this court in *Stockwell* v. *Shalit,* 204 Mass. 270, at page 272: "But an administrator cannot maintain either a writ of entry or the concurrent remedy of a bill in equity to recover possession of land fraudulently conveyed unless he first obtains a license to sell."

The trial judge states that the plaintiffs' "requests for rulings are denied as immaterial to the issues properly raised and decided in the case." As no requests for rulings are made a part of the record and are not before us, they cannot be considered.

The plaintiffs failed to comply with Equity Rule 31. No objections in writing were ever filed by them as a foundation for

the exceptions to the master's report. It has been repeatedly held that such exceptions cannot be considered unless founded upon previous objections. The concluding paragraph of the master's report is that "No objections have been filed by either party and the time allowed for filing such objections has expired." The court was clearly right in overruling the exceptions and ordering the report confirmed. *Hillier* v. *Farrell*, 185 Mass. 434. *Smedley* v. *Johnson*, 196 Mass. 316, and cases cited.

The only question presented by the appeal from the final decree ordering the bill dismissed is whether upon the facts found by the master the decree is justified by the bill and record. *French* v. *Peters*, 177 Mass. 568. *Lyons* v. *Elston*, 211 Mass. 478. *Fay* v. *Corbett*, 233 Mass. 403.

On the findings that the intestate was of sound mind at the time the conveyances in controversy were made, and that none of them was made by reason of any fraud or undue influence practised upon him, it is manifest that the final decree dismissing the bill was not only warranted but required.

*Decree affirmed.*