MARGARET E. HOOKER & others *vs.* ALICE G. PORTER.

Suffolk.     May 22, 1929. — May 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice*, Parties, Decree.     *Executor and Adminis-trator.     Equity Jurisdiction*, Adequate remedy at law.

The administrator of the estate of a deceased person was improperly joined as a plaintiff in a suit in equity by him, the decedent's widow and his sole next of kin and heir at law against a woman who was alleged in the bill to have devised a scheme to secure the entire estate of the decedent by fabrication of documents upon which the decedent's name was forged and upon which she already had brought actions at law against the administrator, including deeds to the defendant of real estate in Massachusetts and in New Hampshire, agreements to make a will for the defendant's benefit and to marry her, and a promissory note of large face value, where the prayers of the bill were in substance for cancellation of such forged documents and a restraining of the defendant from use of them: the administrator had no interest in the real estate, and as to the documents had a plain, adequate and complete remedy at law.

Allegations in the suit above described that the defendant had attempted to secure loans "upon said estate" of the deceased upon the strength of the documents did not state a case for equitable relief for the administrator.

The denial of a motion by the plaintiff in a suit in equity, to require a judge to specify the ground upon which a "plea in abatement" was sustained, filed twenty-three days after the hearing on and sustaining of the plea and on the same day that the judge filed a "finding of facts on the plea in abatement," discloses no error.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on March 11, 1929, and described in the opinion.

The suit was transferred to the Superior Court. Pleadings filed by the defendant are described in the opinion. After the hearing, *Bishop*, J., on April 2, 1929, made an order sustaining the "plea in abatement," from which the plaintiffs appealed on April 5. On April 25, the judge filed a finding of facts on the "plea in abatement" and the plaintiffs moved that the court specify "as to which grounds the plea in abate-

ment is sustained"; on that motion the judge ordered: "This motion was presented several days after argument and is denied." The plaintiffs appealed from such denial. By order of the judge, a final decree was entered dismissing the bill "but without prejudice." The plaintiffs appealed.

*A. C. Webber,* (*S. R. Cutler & J. J. Ryan* with him,) for the plaintiffs.

*G. A. McLaughlin,* (*J. A. Mulhall* with him,) for the defendant.

FIELD, J. This is a bill in equity, filed in the Supreme Judicial Court and thereafter transferred to the Superior Court. The plaintiffs are the widow, Margaret E. Hooker, of Allan A. Hooker, late of Wellesley, who died October 21, 1927, his father, George A. Hooker, who is his next of kin and only other heir at law, and Samuel R. Cutler, the administrator of his estate, whose bond as such administrator was approved November 16, 1927. The defendant is Alice G. Porter.

The plaintiffs allege that the estate of the deceased is valued at about $150,000 and includes a dwelling house in Wellesley, Massachusetts, in which the widow resides, a farm in Salem, New Hampshire, and personal property in both States, that he executed a will on December 21, 1912, before his marriage (on March 12, 1926) to the plaintiff, Margaret E. Hooker, which contained among other bequests a legacy to the defendant, who was his cousin, and that his marriage operated as a revocation of the will whereby she lost her legacy.

The plaintiffs further allege that the defendant, being disappointed in the hope of receiving the legacy, devised a scheme to secure the entire estate of the deceased, and "did fabricate a series of documents to which the signatures of said Allan A. Hooker were fraudulently simulated, the said respondent intending by the means of the combined effect of these documents fraudulently to make claim to and ultimately secure said estate," and that these documents pretend to be (1) a deed to the defendant of real estate in Massachusetts and New Hampshire, including also, "any other premises at any time acquired by" him (dated June 27,

1914), (2) an agreement to will all his property to the defendant (dated June 2, 1916), (3) a negotiable promissory note for $100,000, payable to the defendant "on demand after death," (dated June 2, 1916), (4) another instrument containing conveyances of real estate and agreements to will the deceased's entire estate to the defendant (dated November 10, 1920), and (5) a written promise of the deceased to marry the defendant (dated September 29, 1924). The deed dated June 27, 1914, purported also to convey personal property situated in New Hampshire, and the instrument dated November 10, 1920, to convey all the property of the deceased, real and personal, and to confirm the agreement to make a will, dated June 2, 1916, and the promissory note of the same date. Photostatic copies of these documents are attached to the bill of complaint. The plaintiffs allege that the deed dated June 27, 1914, has been recorded in New Hampshire and has affected the plaintiffs' title to the farm property in that State, and that "there is serious danger that the . . . [defendant] will interfere in the management and control of said farm," and will record the deed in this Commonwealth and affect other real estate. They allege also that the defendant has attempted to secure loans upon the estate of the deceased upon the strength of these documents.

The plaintiffs further allege that they are advised and believe that the documents are forgeries, and that the existence of them in the possession of the defendant is "a menace to the rights" of the plaintiffs, and "an obstacle to the enforcement of such rights and a reflection upon the good name of the deceased and his family, including the . . . [plaintiffs]," and will remain such until they are "promptly brought into a Court of Equity, out of reach of the . . . [defendant], and finally ordered cancelled and destroyed," and that the agreements "are on their face, apart from the claim of fabrication null, void and unenforcible as against public policy, and for failure of consideration and because they are unconscionable."

The plaintiffs allege that the defendant has caused actions to be brought against the plaintiff Cutler, as administrator

of the estate of the deceased, in the Superior Court for Middlesex County, based upon the agreement to will property to the defendant, the promissory note, and the other instrument containing conveyances of real estate and agreements to will the deceased's estate to the defendant.

The prayers of the bill are that the defendant be ordered to deliver up the documents and bring them into court and that they be cancelled and destroyed, and that she be enjoined from recording any of them, or borrowing money on the security thereof, from taking possession of the property in Wellesley, and the farm in New Hampshire, or in any way interfering with the plaintiffs' possession thereof, from "selling, transferring, mortgaging, incumbering or in any way alienating said property claimed to have been conveyed by said Allan A. Hooker or negotiating said promissory note," and from prosecuting said actions in the Superior Court or instituting any new proceedings on the documents.

The defendant filed a so called "plea in abatement," in which she set up (1) that the plaintiffs have "a plain, adequate and complete remedy at law," (2) that actions at law are pending in the Superior Court, which court has power "to afford a plain, adequate and complete remedy for all of the parties interested," (3) that the plaintiffs are joined improperly, since the plaintiff Cutler is without interest in the real estate and the other plaintiffs are without interest in the personal estate, and (4) that the bill is multifarious.

The trial judge found as facts the allegations of the bill as to the plaintiffs, and found also that "Allan A. Hooker left real estate in Massachusetts and in New Hampshire" and "personal property of a substantial amount," that the defendant "was a relative of the said Allan A. Hooker," and she "has in her possession some or all of the papers or instruments referred to in the bill of complaint as being in her possession," that she recorded the deed in New Hampshire, that she "has not taken possession of the property referred to" therein, and that she has caused two actions at law to be brought against the plaintiff Cutler, as administrator, substantially as alleged in the bill of complaint. The judge

made an order sustaining the "plea in abatement," and subsequently entered a final decree sustaining the "plea" and dismissing the bill without prejudice. A motion by the plaintiffs, "presented several days after argument," that he specify on which ground the "plea in abatement" was sustained was denied. From these orders and from the final decree the plaintiffs appealed.

We pass the pleadings without discussion to consider the questions of substance which have been treated by the parties as raised thereby.

The "plea in abatement" was sustained rightly.

There is misjoinder of parties plaintiff. "Generally, when several persons have a common interest in the subject matter of the bill, and a right to ask for the same remedy against the defendant, they may properly be joined as plaintiffs." *Zimmerman* v. *Finkelstein,* 230 Mass. 17, quoting *Cadigan* v. *Brown,* 120 Mass. 493, 494. The bill alleges a scheme on the part of the defendant to secure the entire estate of the deceased by means of the series of five forged instruments which purport to bear dates from June 27, 1914, to September 29, 1924. The subject matter of the bill is the protection of the interests of all the plaintiffs in the estate of the deceased, real and personal, and the remedy sought by all of them is the cancellation of the entire series of instruments.

The administrator has not the right to ask for the remedy of cancellation either of the entire series of instruments or of any of them. He has "a plain, adequate and complete remedy at law" — an objection which was taken seasonably. See *Baker* v. *Langley,* 247 Mass. 127, 132. Consequently, he is joined improperly as a party plaintiff. The case is unlike *Parker* v. *Simpson,* 180 Mass. 334, where, though the details of the relief given to the several plaintiffs were different, all plaintiffs were entitled to relief of the same general nature. See also *Gilson* v. *Hutchinson,* 120 Mass. 27.

The suit is brought, in part, to remove by the cancellation of the instruments an alleged cloud cast upon title to real estate in this Commonwealth formerly belonging to the deceased, by the deed dated June 27, 1914, and the instru-

ment dated November 10, 1920, purporting to convey such real estate to the defendant. Except as affected by these instruments title to this real estate passed to the widow and the other heir at law (G. L. c. 190, §§ 1, 3), subject to the right of the administrator to sell under license of court for payment of debts and charges of administration. G. L. c. 202. The administrator, at least before obtaining license to sell, has no interest in such real estate and no standing to bring such a suit. G. L. c. 202. *Pease* v. *Pease,* 8 Met. 395. *Brooks* v. *Jackson,* 125 Mass. 307. *Tyndale* v. *Stanwood,* 190 Mass. 513, 516. *Stockwell* v. *Shalit,* 204 Mass. 270. *Pevey* v. *McGrath,* 243 Mass. 451. *Gilson* v. *Hutchinson,* 120 Mass. 27, is distinguishable. He has no greater interest in the real estate in New Hampshire and no better standing to bring a suit to remove a cloud upon title thereto. Nor has he such an interest in personal estate outside Massachusetts, if any, as gives him standing to bring a suit with respect to it. See *Gardiner* v. *Thorndike,* 183 Mass. 81, 82.

So far as the interest of the administrator in the personal estate of the deceased within Massachusetts and his liabilities, as the personal representative of the deceased, under the instruments referred to in the bill, are concerned, his remedy at law is "plain, adequate and complete." The deed dated June 27, 1914, does not purport to affect title to any personal estate in this Commonwealth. The statute of limitations has run against an action on the agreement to marry, even if it is conceivable that such an action survived the deceased. See *Stebbins* v. *Palmer,* 1 Pick. 71; *Smith* v. *Sherman,* 4 Cush. 408; *Chase* v. *Fitz,* 132 Mass. 359. The actions at law brought by the defendant are based upon the three other instruments. As between the administrator and the defendant the validity of these instruments can be determined in those actions and it does not appear that the administrator's defence cannot be made as well in the actions at law as in this suit in equity. Forged instruments would not avail against the administrator in such actions, nor instruments, which, as alleged in the bill, "are on their face, apart from the claim of fabrication null, void and unenforcible as against public policy, and for failure of con-

sideration and because they are unconscionable." *Gale* v. *Nickerson,* 151 Mass. 428. Ordinarily, a "suit in equity will not lie to restrain an action at law to which there is a perfect defence." *Bancroft Trust Co.* v. *Canane, ante,* 191, 197, citing *Corey* v. *Griffin,* 181 Mass. 229. See also *Saunders* v. *Huntington,* 166 Mass. 96. The bill does not allege facts which constitute an equitable defence to the actions at law, available therein only by force of the statute. G. L. c. 231, § 31. Hence, the case is not within the rule that a person at his option may set up an equitable defence in an action at law or proceed by the concurrent remedy of an independent suit in equity. See *Noyes* v. *Noyes,* 233 Mass. 55, 61. Moreover, even if, on any ground, equity has concurrent jurisdiction (see *Billings* v. *Mann,* 156 Mass. 203, *Nathan* v. *Nathan,* 166 Mass. 294, 295), it will not take jurisdiction for the purpose of transferring the trial of a case from the court of law in which actions are already pending to a court of equity, where, as here, it is not shown that the administrator cannot present his legal defence as effectively in the actions at law as he could in a suit in equity. *Payson* v. *Lamson,* 134 Mass. 593, 597–598. See also *Nash* v. *McCathern,* 183 Mass. 345. In *Fuller* v. *Percival,* 126 Mass. 381 (first case), no suit had been begun. *Bancroft Trust Co.* v. *Canane, supra,* also is distinguishable. So far as appears, the continued existence of these instruments, if adjudged invalid in the actions at law, will not menace the rights of the administrator. Nor is it alleged that the defendant has interfered physically or threatened so to interfere with the personal estate in Massachusetts. The general allegation that she has attempted to secure loans "upon said estate" of the deceased upon the strength of the documents does not state a case for equitable relief for the administrator.

Since the reasons above stated warranted the trial judge in sustaining the "plea in abatement," it is not necessary to consider whether it could have been sustained for any other reason. Nor is it necessary to consider whether the widow, in possession of the real estate in Massachusetts, or the other heir at law, could maintain a bill to remove the alleged cloud cast thereon by the deed dated June 27, 1914, or the instru-

ment dated November 10, 1920 (see, however, *Martin* v. *Graves,* 5 Allen, 601; *Clouston* v. *Shearer,* 99 Mass. 209; *Sullivan* v. *Finnegan,* 101 Mass. 447; *Barnes* v. *Barnes,* 161 Mass. 381; *Loring* v. *Hildreth,* 170 Mass. 328; *First Baptist Church of Sharon* v. *Harper,* 191 Mass. 196, 209; *Preston* v. *Newton,* 213 Mass. 483; *McArthur* v. *Hood Rubber Co.* 221 Mass. 372), or whether either of them could maintain such a bill with respect to the foreign real estate. See *Brown* v. *Desmond,* 100 Mass. 267, 269; *Bailey* v. *Hemenway,* 147 Mass. 326, 329; *Arizona Commercial Mining Co.* v. *Iron Cap Copper Co.* 233 Mass. 522; *Gunter* v. *Arlington Mills, ante,* 314.

There was no error in the denial of the motion to specify the ground upon which the "plea in abatement" was sustained.

It follows that the bill was dismissed rightly. As the case was not disposed of on its merits, it was proper that the decree should be "without prejudice." *Payson* v. *Lamson,* 134 Mass. 593. *Lakin* v. *Lawrence,* 195 Mass. 27. *Preston* v. *Newton, supra. Boston & Maine Railroad* v. *D'Almeida,* 221 Mass. 380.

> *Order denying motion affirmed.*
> *Decree affirmed with costs.*