BEATRICE E. POTTER & others *vs.* ENITA Y. P. LEMBO & another. April 2, 1973. The respondent Lembo appeals from a final decree based on findings of fact made by a judge of the Probate Court. The pertinent findings follow. Alma M. Mosher died intestate owning an undivided one-third interest in real estate in Westport. Her son

and only heir, Roscoe E. Pettey, engaged the petitioners (a partnership) as undertakers for the funeral and burial of his mother. He was appointed administrator of his mother's estate on January 2, 1970. While he was hospitalized in New Jersey, by a deed executed on December 23, 1970, and recorded on January 7, 1971, Pettey conveyed the real estate to himself and his daughter, the respondent Lembo, as joint tenants without consideration. He died on January 2, 1971, having filed no inventory or account as administrator. On March 12, 1971, the petitioners filed this petition seeking to reach the real estate in payment of their claim of $870 plus interest. On March 24, 1971, an administrator d.b.n. was appointed for the Mosher estate and was named a respondent in this petition. The final decree appealed from (a) ordered Lembo to convey the real estate to the administrator d.b.n., (b) adjudged that the Mosher estate owed the petitioners $943.95, (c) awarded the petitioners $301.51 and the administrator d.b.n. $288.01 for their respective costs and expenses against Lembo, and (d) ordered that if Lembo failed to convey the real estate to the administrator d.b.n. the latter should sell it at auction and retain the proceeds as estate assets. Since there is no report of the evidence, this appeal raises the question whether the findings "should in law require a decree different from that which was entered in the Probate Court." *Brown* v. *Brown*, 323 Mass. 332, 333, and cases cited. *Cosgrove* v. *Cosgrove*, 351 Mass. 64, 65–66. While raising many other defences, Lembo states in her answer that she is willing to pay the petitioners $870 out of her own pocket, and her counsel made a similar statement in argument before this court. Thus the real dispute is over the order to pay interest, costs and expenses. On these issues we hold (a) that the petitioners are entitled to interest on the $870 due them, (b) that the judge did not abuse his discretion in awarding the petitioners their costs and expenses of $301.51, and (c) that the administrator d.b.n. is not entitled to costs and expenses against Lembo. The final decree is reversed and the case remanded to the Probate Court where an interlocutory decree shall be entered adjudging that the Mosher estate owes the petitioners $870 plus interest to the date of the decree and authorizing Lembo, within the time fixed therefor by the court, to pay the petitioners the amount of such debt and interest plus their costs and expenses as determined by the court. If such amounts are paid in full within the time fixed by the interlocutory decree, a final decree shall be entered dismissing this petition. If they are not so paid, a final decree shall be entered (a) adjudging the indebtedness of the Mosher estate to the petitioners, with interest thereon, and the costs and expenses due the petitioners by Lembo, (b) declaring the conveyance from Pettey to Lembo null and void, and (c) authorizing the administrator d.b.n. to petition for a license to sell the real estate and to pay the debt, interest, costs and expenses due the petitioners from and out of the proceeds of the sale. *Pevey* v. *McGrath*, 243 Mass. 451, 453. *Hooker* v. *Porter*, 271 Mass. 441, 445–446. *De Angelis* v. *Palladino*, 318 Mass. 251, 252.

*So ordered.*

*Harold K. Hudner* for the respondent Enita Y. P. Lembo.

*Edward F. Harrington* (*George Young* with him) for the petitioners.